IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 27 2003

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

SMOOTHIE KING FRANCHISES, INC.                                    PLAINTIFF

V.                              No. 4-03-CV-0079GTE

MICHELLE WILLOUGHBY AND
JOEY WILLOUGHBY                                                  DEFENDANTS

## ANSWER AND COUNTERCLAIM

Come now the defendants, Michelle Willoughby and Joey Willoughby (the "Defendants"), and for their Answer and Counterclaim, state:

1.      The Defendants admit the allegations contained in Paragraph 1 of the Verified Complaint.

2.      The Defendants admit the allegations contained in Paragraph 2 of the Verified Complaint.

## JURISDICTION AND VENUE

3.      The Defendants admit that Smoothie King, Inc. ("Smoothie King") purports to bring this action under the Lanham Act, but deny that Smoothie King is entitled to any relief thereunder. The Defendants admit that this Court has jurisdiction over this action, including the Counterclaim asserted by the Defendants against Smoothie King.

4.      The Defendants admit the allegations contained in Paragraph 4 of the Verified Complaint.

## THE PARTIES

5.     The Defendants admit the allegations contained in Paragraph 5 of the Verified Complaint.

6.     The Defendants admit the allegations contained in Paragraph 6 of the Verified Complaint.

7.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Verified Complaint, and those allegations are therefore denied.

8.     The Defendants admit the allegations contained in Paragraph 8 of the Verified Complaint.

9.     The Defendants admit the allegations contained in Paragraph 9 of the Verified Complaint.

10.     The Defendants admit that Article 3.5 of the Franchise Agreement speaks for itself.

11.     The Defendants admit the allegations contained in Paragraph 11 of the Verified Complaint, but deny that Smoothie King required the payment of an Advertising Fee in the amount of two percent of the weekly gross sales of the Defendants' store.

12.     The Defendants admit that Articles 16 and 17 of the Franchise Agreement speak for itself.

13.     The Defendants admit the allegations contained in Paragraph 13 of the Verified Complaint, and affirmatively state that the payment of certain royalty fees during 1999 was impossible due to Smoothie King's material breach of the Franchise Agreement.

14.    The Defendants admit the first three sentences of Paragraph 14 of the Verified Complaint. The Defendants deny the fourth sentence of Paragraph 14 because their payment of fees during 2002 was more than "occasional."

15.    The Defendants admit that the letters attached as Exhibit C to the Verified Complaint speak for themselves.

16.    The Defendants deny that Smoothie King made "repeated attempts to work with Defendants." The Defendants admit that they were unable to pay certain royalties and fees as a result of Smoothie King's material breach of the Franchise Agreement.

17.    The Defendants admit that Exhibit D to the Verified Complaint speaks for itself. The Defendants deny that Exhibit D constitutes a proper termination of the Franchise Agreement under Arkansas law.

18.    The Defendants deny that Smoothie King properly terminated the Franchise Agreement, and affirmatively state that they were unable to pay certain royalties and fees as a result of Smoothie King's material breach of the Franchise Agreement.

19.    The Defendant admit that Exhibit E to the Verified Complaint speaks for itself.

20.    The Defendants deny the allegations contained in Paragraph 20 of the Verified Complaint.

21.    The Defendants deny the allegations contained in Paragraph 21 of the Verified Complaint.

22.    The Defendants deny that they have failed to comply with any post-termination obligations because Smoothie King failed to properly terminate the Franchise Agreement. The Defendants admit that they continue to operate at the same franchised location.

3

23.    The Defendants deny the allegations contained in Paragraph 23 of the Verified Complaint.

24.    The Defendants deny that they are operating a "former" franchised business. The Defendants admit that they continue to use the telephone number for their Smoothie King store.

25.    The Defendants admit the allegations contained in Paragraph 25 of the Verified Complaint.

26.    The Defendants admit that they continue to operate their business as a franchisee of Smoothie King under the Franchise Agreement.

27.    The Defendants deny that they have failed to comply with any post-termination obligations because Smoothie King failed to properly terminate the Franchise Agreement under Arkansas law.

28.    The Defendants admit that they are willing and open to sell the assets of their business. The Defendants deny the remaining allegations contained in Paragraph 28 of the Verified Complaint.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT

29.    The Defendants hereby incorporate each and every denial of material fact contained in Paragraphs 1-28 of this Answer.

30.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Verified Complaint, and those allegations are therefore denied.

4

31.     The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Verified Complaint, and those allegations are therefore denied.

32.     The Defendants deny the allegations contained in Paragraph 32 of the Verified Complaint.

33.     The Defendants deny the allegations contained in Paragraph 33 of the Verified Complaint.

34.     The Defendants deny the allegations contained in Paragraph 34 of the Verified Complaint.

35.     The Defendants deny the allegations contained in Paragraph 35 of the Verified Complaint.

36.     The Defendants deny the allegations contained in Paragraph 36 of the Verified Complaint.

37.     The Defendants deny the allegations contained in Paragraph 37 of the Verified Complaint.

38.     The Defendants deny that Smoothie King is entitled to the relief requested in Paragraph 38 of the Verified Complaint.

39.     The Defendants deny the allegations contained in Paragraph 39 of the Verified Complaint.

## COUNT II
## UNFAIR COMPETITION

40.    The Defendants hereby incorporate each and every denial of material fact contained in Paragraphs 1-39 of this Answer.

41.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Verified Complaint, and those allegations are therefore denied.

42.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Verified Complaint, and those allegations are therefore denied.

43.    The Defendants deny the allegations contained in Paragraph 43 of the Verified Complaint.

44.    The Defendants deny the allegations contained in Paragraph 44 of the Verified Complaint.

45.    The Defendants deny the allegations contained in Paragraph 45 of the Verified Complaint.

46.    The Defendants deny the allegations contained in Paragraph 46 of the Verified Complaint.

47.    The Defendants deny the allegations contained in Paragraph 47 of the Verified Complaint.

48.    The Defendants deny the allegations contained in Paragraph 48 of the Verified Complaint.

6

49.     The Defendants deny the allegations contained in Paragraph 49 of the Verified Complaint.

## COUNT III
## MISAPPROPRIATION OF GOODWILL

50.     The Defendants hereby incorporate each and every denial of material fact contained in Paragraphs 1-49 of this Answer.

51.     The Defendants deny the allegations contained in Paragraph 51 of the Verified Complaint.

52.     The Defendants deny the allegations contained in Paragraph 52 of the Verified Complaint.

53.     The Defendants deny the allegations contained in Paragraph 53 of the Verified Complaint.

## COUNT IV
## BREACH OF POST-TERMINATION COVENANT NOT TO COMPETE
## INJUNCTIVE RELIEF

54.     The Defendants hereby incorporate each and every denial of material fact contained in Paragraphs 1-53 of this Answer.

55.     The Defendants deny the allegations contained in Paragraph 55 of the Verified Complaint.

56.     The Defendants deny the allegations contained in Paragraph 56 of the Verified Complaint.

57.     The Defendants deny the allegations contained in Paragraph 57 of the Verified Complaint.

58.     The Defendants deny the allegations contained in Paragraph 58 of the Verified Complaint.

59.     The Defendants deny the allegations contained in Paragraph 59 of the Verified Complaint.

## COUNT V
## BREACH OF CONTRACT – FAILURE TO PAY FEES

60.     The Defendants hereby incorporate each and every denial of material fact contained in Paragraphs 1-53 of this Answer.

62.     The Defendants deny the allegations contained in Paragraph 62 of the Verified Complaint.

## REQUEST FOR RELIEF

63.     The Defendants deny that Smoothie King is entitled to the relief requested in its Request for Relief.

64.     The Defendants deny each and every material allegation of the Verified Complaint not specifically admitted herein.

## JURY DEMAND

65.     The Defendants demand a trial by jury.

## AFFIRMATIVE DEFENSES

66.     The Defendants affirmatively plead accord and satisfaction.

67.     The Verified Complaint is barred by the doctrines of waiver and/or estoppel.

68.     The Verified Complaint is barred, in part, by the applicable statute of limitations.

8

69.     The Defendants affirmatively plead that they are entitled to a set-off of any damages claimed by Smoothie King herein.

70.     The relief requested by Smoothie King is barred by the Arkansas Franchise Practices Act, ARK. CODE ANN. § 4-72-201 *et seq.*

WHEREFORE, the Defendants pray that the Verified Complaint be dismissed with prejudice, for their costs incurred herein, and for all other proper relief to which they may be entitled.

## COUNTERCLAIM

Come now the defendants, Michelle Willoughby and Joey Willoughby (the "Defendants"), and for their Counterclaim against Smoothie King Franchises, Inc. ("Smoothie King"), state:

### Nature of the Action

1.     This is an action for breach of contract and violation of the Arkansas Franchise Practices Act, ARK. CODE ANN. § 4-72-201 *et seq.* (the "Act"). The Defendants seek treble damages, attorneys' fees and costs under ARK. CODE ANN. § 4-72-208 for Smoothie King's violations of the Act.

### The Parties

2.     Smoothie King is a Louisiana corporation with its principal place of business in Kenner, Louisiana.

3.     The Defendants are individual residents and citizens of Pulaski County, Arkansas.

### Jurisdiction and Venue

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a). Venue is proper under 28 U.S.C. § 1391(b).

9

**Relevant Facts**

5.      The Defendants and Smoothie King are parties to a Franchise Agreement (the "Franchise Agreement") dated December 4, 1996, which is attached as Exhibit B to Smoothie King's Verified Complaint (the "Franchise Agreement"). In connection with the Franchise Agreement, the parties entered into an Area Development Agreement dated December 4, 1996, whereby Smoothie King granted the Defendants the right and license to operate multiple stores in Little Rock, Arkansas.

6.      Pursuant to the Franchise Agreement and the Area Development Agreement, the Defendants were required to pay Smoothie King a franchise investment fee in the total amount of $30,000.00. The Defendants subsequently opened a franchised business at 9112 Rodney Parham Road, Suite 134, Little Rock, Arkansas.

7.      Article 3.5 of the Franchise Agreement provides that the franchisee is required to pay "Operating Fees" in an amount equal to five percent (5%) of the weekly gross sales of the franchised business operated by the Defendants.

8.      Article 3.6 of the Franchise Agreement provides that the franchisee is required to pay "Advertising Fees" to Smoothie King in amount up to two percent (2%) of the weekly gross sales of the franchised business operated by the Defendants.

9.      During the course of the business relationship between Smoothie King and the Defendants, Smoothie King required the Defendants to pay Advertising Fees in the amount of one percent (1%) of the weekly gross sales of the franchised business.

10.     Smoothie King covenanted in Article 12.1 of the Franchise Agreement to "develop advertising and marketing programs for the benefit of all franchisees." This covenant is the basis for the payment of Advertising Fees by the Defendants.

11.     Smoothie King asserted on pages 23 and 26 of its Uniform Franchise Offering Circular that the advertising fees collected from franchisees like the Defendants would be used to develop a comprehensive advertising program to benefit franchisees:

> Smoothie King will periodically provide you with materials and advice on advertising, promotional and public relations matters ... Smoothie King will also ... guide you in advertising and marketing, and provide you with forms for required reports you must submit to Smoothie King.

> *************** 

> The [advertising fees] will be used exclusively to meet costs of administering and preparing advertising, promotion and marketing activities. These costs may include creating, producing, placing, and conducting television, radio, and print advertising campaigns; creating, producing, and distributing promotional materials for use in your Smoothie King Business, like signs and posters, direct mail, promotional brochures, and outdoor billboard advertising; marketing surveys and research; public relations activities; and employing advertising agencies and consultants. Smoothie King has engaged an advertising agency in New Orleans, Louisiana, to perform and coordinate most of the marketing and advertising activities listed above for Smoothie King.

Smoothie King's Uniform Franchise Offering Circular ("Uniform Offering Circular") is attached as Exhibit 1 to Defendants' Response to Motion for Preliminary Injunction.

12.     After opening the franchised business in Little Rock in late 1996, the Defendants began paying Advertising Fees and Operating Fees to Smoothie King. Although payments were interrupted for periods of time in 1999, 2000 and 2001, the Defendants have otherwise made regular payments of Advertising Fees and Operating Fees to Smoothie King since the Defendants opened for business.

11

13.     Smoothie King has refused to provide franchise support to the Defendants in the operation of their business.  In particular, Smoothie King has provided no advertising or marketing support for the Defendants despite the Defendants' payment of Advertising Fees.  Smoothie King also rebuffed the Defendants' repeated requests for regular, on-site training after the franchised business was opened.

14.     Upon information and belief, Smoothie King's refusal to provide franchise support to the Defendants is part of an overall corporate scheme implemented by Smoothie King to cancel struggling and unsupported franchises so that the markets involved can be resold to new franchisees in return for additional investment fees.

15.     In a letter dated November 25, 2002, Smoothie King purported to terminate the Franchise Agreement under Section 14.3 of the Franchise Agreement.  Smoothie King's termination letter provided that if the Defendants failed to cure their alleged default under the Franchise Agreement within ten days, the Franchise Agreement would "immediately" expire.  This letter is attached as Exhibit D to Smoothie King's Verified Complaint.

## Relevant Law

16.     Every contract entered into by an Arkansas resident is governed by a covenant of good faith and fair dealing.

17.     Moreover, all franchise relationships involving an Arkansas resident are governed by the Arkansas Franchise Practices Act.  The protections of the Act cannot be waived by the franchisee by agreement or in a choice of law provision of a franchise contract.  ARK. CODE ANN. § 4-72-206(1).

12

18.     The Act provides that a franchisor shall not terminate a franchise relationship "without good cause." ARK. CODE ANN. § 4-72-204(a). The Act also states that "[n]o franchisor shall directly or indirectly terminate ... a franchise without first giving written notice to the franchisee at least ninety (90) days in advance of such action, setting forth the reasons for the termination." ARK. CODE ANN. § 4-72-204(b).

19.     The Act specifically provides that it "shall be a violation of this subchapter for any franchisor ... [t]o refuse to deal with a franchse[e] in a commercially reasonable manner and in good faith." ARK. CODE ANN. § 4-72-206(6).

20.     The Act further states that it is unlawful for a franchisor to "collect a percentage of the franchisee's sales as an advertising fee and not use these funds for the purpose of advertising the business conducted by the franchisee." ARK. CODE ANN. § 4-72-206(7).

## COUNT I: Breach of Contract

21.     The Defendants hereby incorporate the allegations contained in Paragraphs 1-17 hereof.

22.     Smoothie King has breached the duty of good faith and fair dealing in the Franchise Agreement by refusing to provide regular on-site training as requested by the Defendants, and by failing to provide any advertising or marketing support for the Defendants' business.

23.     Upon information and belief, Smoothie King's treatment of the Defendants is indicative of an overall corporate scheme to cancel struggling and unsupported franchisees so that Smoothie King can re-sell the territory involved and reap the benefit of an additional franchise fee from a new franchise owner.

13

24.     Smoothie King's failure to provide advertising support to the Defendants also violates Article 12.1 of the Franchise Agreement.

25.     The Defendants are entitled to damages against Smoothie King for breach of contract in the form of (a) all Advertising Fees paid to Smoothie King, (b) all Operating Fees paid to Smoothie King, and (c) lost profits due to Smoothie King's unwillingness to support the franchise.

26.     The Defendants are further entitled to an award of attorneys' fees pursuant to ARK. CODE ANN. § 16-22-308.

### Count II: Breach of the Arkansas Franchise Practices Act

27.     The Defendants hereby incorporate the allegations contained in Paragraphs 1-17 hereof.

28.     Smoothie King's purported termination letter failed to provide notice ninety days in advance of termination.  Smoothie King thus violated ARK. CODE ANN. § 4-72-204(b).

29.     Smoothie King violated ARK. CODE ANN. § 4-72-204(a) by terminating the Franchise Agreement without good cause.

30.     Smoothie King violated ARK. CODE ANN. § 4-72-206(6) by refusing to deal with the Defendants in a commercially reasonable manner and in good faith.

31.     Smoothie King violated ARK. CODE ANN. § 4-72-206(7) by collecting a percentage of the Defendants' sales as Advertising Fees without using these funds for the purpose of advertising the business conducted by the Defendants.

32.     Because of Smoothie King's blatant violations of the Act, the Defendants are entitled to treble damages for all Advertising Fees paid to Smoothie King, all Operating Fees paid to

14

Smoothie King, and lost profits due to Smoothie King's unwillingness to support the franchise. The Defendants are further entitled to attorneys' fees and costs under ARK. CODE ANN. § 4-72-208.

33.    Pursuant to ARK. CODE ANN. § 4-72-209, the Defendants are entitled to an order requiring Smoothie King to repurchase all inventory, supplies, equipment, and furnishings purchased by the Defendants from Smoothie King or Smoothie King's approved sources.

### Jury Demand

34.    The Defendants demand a trial by jury.

WHEREFORE, the Defendants, Michelle Willoughby and Joey Willoughby, pray that judgment be entered against Smoothie King for (a) three times the amount of all Advertising Fees paid to Smoothie King, all Operating Fees paid to Smoothie King, and lost profits; (b) the Defendants' costs and attorneys' fees incurred herein; (c) an order requiring the repurchase by Smoothie King of all inventory, supplies, equipment, and furnishings; and (d) all other proper relief to which the Defendants are entitled.

Respectfully submitted,

James M. Simpson
R. Christopher Lawson
Martin A. Kasten
FRIDAY, ELDREDGE & CLARK, LLP
2000 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201-3493
(501) 376-2011

James M. Simpson
Arkansas Bar No. 77125

Attorneys for Michelle Willoughy and
Joey Willoughby

15

CERTIFICATE OF SERVICE

I, James M. Simpson, do hereby certify that a true and correct copy of the foregoing was sent first-class U.S. Mail, postage prepaid, on this ___27th___ day of February, 2003, to the following:

Kelly S. Terry
WILLIAMS & ANDERSON LLP
111 Center Street, Twent-Second Floor
Little Rock, Arkansas 72201

Jennifer J. Kehoe
Gray, Plant, Mooty, Mooty & Bennett, P.A.
3400 City Center
33 South Sixth Street
Minneapolis, Minnesota 55402

_____
James M. Simpson