## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**SMOOTHIE KING FRANCHISES, INC.**                              **PLAINTIFF**

V.                          No. 4-03-CV-00079 GTE

**MICHELLE WILLOUGHBY AND**                                    **DEFENDANTS**
**JOEY WILLOUGHBY**

### FIRST AMENDED COMPLAINT

Plaintiff Smoothie King Franchises, Inc. ("Smoothie King"), for its First Amended Complaint against Defendants Michelle Willoughby and Joey Willoughby ("Defendants") states as follows:

1.  Smoothie King Franchises, Inc. is a Louisiana corporation with its principal place of business at 2400 Veterans Memorial Boulevard, Suite 110, Kenner, Louisiana.

2.  Defendants Michelle and Joey Willoughby, upon information and belief, are residents and citizens of the state of Arkansas, with their primary place of residence in Arkansas.

### JURISDICTION AND VENUE

3.  This is primarily an action for trademark infringement and unfair competition under the Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. § 1051, *et seq.* This Court has jurisdiction of this case under 28 U.S.C. §1338 and supplemental jurisdiction over the state law breach of contract claims under 28 U.S.C. §1367(a).

4.  Venue in this Court is proper under 28 U.S.C. §1391(b) because a substantial part of the events and omissions that forms the basis of this action occurred in this district and Defendants reside in and have had sufficient minimum contacts with this district.

## THE PARTIES

5. Smoothie King has developed and owns a unique and distinctive business system for the establishment and operation of businesses offering unique nutritional drinks and general nutrition products for sale to consumers, which system includes standards and specifications, products, and other methods (the "System"), all associated with Smoothie King trademarks, trade names, and related marks.

6. Smoothie King provides its unique products to the general public through authorized franchisees.

7. In connection with the System, Smoothie King has federally registered the Mark SMOOTHIE KING® and related marks (Federal Registration Nos. 1840792, 1633522, and 2036826) ("the Marks"). Smoothie King has filed an affidavit in compliance with Sections 8 and 15 of the Lanham Act for the Marks, which have become uncontestable under 28 U.S.C. §1065.

8. Smoothie King and Defendants entered into an Area Development Agreement dated December 4, 1996 ("ADA") under which Smoothie King granted Defendants the right and license to develop and operate three SMOOTHIE KING® franchised businesses, using Smoothie King's system and Marks, in a limited and specifically defined territory in Little Rock, Arkansas. A true and correct copy of the ADA is attached hereto as Exhibit A.

9. Pursuant to and under the ADA, Defendants and Smoothie King entered into a Franchise Agreement effective December 4, 1996 ("Franchise Agreement"), under which Defendants would open and operate one SMOOTHIE KING® franchised business at a location to be determined. Pursuant to the Franchise Agreement, Defendants subsequently opened a SMOOTHIE KING® franchised business at 9112 Rodney Parham, Suite 134, Little Rock,

Arkansas ("the Store"). A true and correct copy of the Franchise Agreement is attached hereto as Exhibit B.

10. Under Article 3.5 of the Franchise Agreement, Defendants were required to pay to Smoothie King an Operating Fee equal to five percent of the weekly gross sales of the Store ("Operating Fee").

11. Under Article 3.6 of the Franchise Agreement, Defendants were required to pay an Advertising Fee in an amount up to two percent of the weekly gross sales of the Store ("Advertising Fee").

12. Under Article 16 of the Franchise Agreement, Defendants agreed to certain obligations upon termination or expiration of the Franchise Agreement. Article 16 states in pertinent part as follows:

> 16.1 Upon the expiration of this Agreement, or its termination for any reason, all of Franchisee's rights hereunder shall terminate, and Franchisee shall cease all operation of the Franchised Business and all use of the Proprietary Marks and System. In particular, and without limiting the foregoing, Franchisee shall:
>
> 16.1.1. Immediately cease to operate the Franchised Business and at no time thereafter represent itself, directly or indirectly, as a current or former franchisee of Franchisor.
>
> 16.1.2. Immediately and permanently cease to use, in any manner whatsoever, any confidential recipes, formulas, customer and supplier lists, product specification lists, methods, procedures, or techniques associated with the System, the name and marks . . . and all other Proprietary Marks and distinctive names . . . associated with the System, including all signs, advertising materials . . . that display any of the Proprietary Marks. Franchisee shall also immediately discontinue any telephone listing under the Proprietary Marks upon request of Franchisor. Franchisee shall immediately assign to Franchisor any rights it has in any telephone number from which Franchisee has done business under the Proprietary Marks or discontinue the use of the number upon request of Franchisor.

> 16.1.3. Take such action as may be necessary to cancel any assumed name . . . that contains the name "SMOOTHIE KING" . . . or any of the other Proprietary Marks . . . .
>
> 16.1.4. Immediately deliver to Franchisor or its designee the Manuals and all other materials relating to the operation of the Franchised Business . . . .
>
> 16.1.5. Promptly pay all sums owing to Franchisor . . . .
>
> 16.1.6. Comply with all requirements under this Agreement which expressly or by reasonable implication apply to Franchisee's conduct after termination or expiration of this Agreement.

(Franchise Agreement, Article 16.1.)

Further under Article 17.3.2 of the Franchise Agreement, Defendants agreed that:

> For a period of two (2) years following termination or expiration of this Agreement, Franchisee shall refrain from engaging in any other business similar to that which is the subject of the franchise and from competing with or soliciting the customers of Franchisor or any other franchisees of Franchisor within the market area of the Unit location designated herein or any other Smoothie King Unit in existence or planned as of the time of termination or expiration of this Agreement.

## CONDUCT GIVING RISE TO VIOLATIONS OF LAW

13.     Beginning in May of 1999, Defendants stopped paying the Operating Fees and Advertising Fees due to Smoothie King under the Franchise Agreement.

14.     Defendants failed to pay fees for all but one week during the period May 1999 to December 26, 1999. During the period December 17, 1999 to December 31, 2000, Defendants failed to pay fees for all but eleven (11) weeks. During calendar year 2001, Defendants failed to pay fees for all but 12 weeks. Defendants made minimum monthly payments on occasion in 2002, but never paid any past due amounts, and never brought their account current.

15. Smoothie King notified Defendants, through multiple letters, telephone calls and in-person meetings, that Defendants' failure to pay fees was a breach of the Franchise Agreement, and that Defendants were in default under the Franchise Agreement for failure to pay fees. True and correct copies of such letters, dated March 22, 2000, May 3, 2000, August 21, 2001, September 5, 2001, May 21, 2002, July 31, 2002, August 23, 2002, and September 10, 2002 from Smoothie King to Defendants are attached as Exhibit C.

16. Despite Smoothie King's repeated attempts to work with Defendants, repeated notices of default, and repeated extensions of time for Defendants to pay the fees due, Defendants never made such payments.

17. Finally, Smoothie King sent a Notice of Default and Termination, dated November 25, 2002, to Defendants, notifying them that their repeated defaults for failure to pay fees constituted a material breach of the Franchise Agreement. The Notice of Default and Termination notified Defendants that if Defendants did not cure their default within ten days, their rights under the Franchise Agreement would terminate. A true and correct copy of the November 25 Notice of Default and Termination is attached hereto as Exhibit D.

18. Defendants did not cure their default, and did not make any payment of any kind to Smoothie King for past due fees.

19. Accordingly, Smoothie King sent Defendants a Notice of Termination, dated December 13, 2002. The Notice of Termination advised Defendants that, due to their failure to cure their default, Defendants' rights under the Franchise Agreement were terminated. A true and correct copy of the December 13 Notice of Termination is attached hereto as Exhibit E.

20. The amount of fees due to Smoothie King from Defendants up to the time of termination is at least $34,216.39, not including interest.

21. Both the Notice of Default and Termination and the Notice of Termination reminded Defendants of their post-termination obligations as set forth in the Franchise Agreement.

22. Defendants have failed to comply with their post-termination obligations. Defendants continue to operate at the same location, as if they were still licensed SMOOTHIE KING® franchisees. Defendants continue to use the Smoothie King name, Marks and System, despite the termination of their rights to do so.

23. Defendants have not paid the fees due to Smoothie King.

24. Defendants continue to use the telephone number associated with their former SMOOTHIE KING® franchised business.

25. Defendants have not returned any of Smoothie King's proprietary materials to Smoothie King.

26. Upon information and belief, Defendants continue to operate a business under the SMOOTHIE KING® name, Marks and System, just as if it were a licensed SMOOTHIE KING® franchised business, up to and including the date of this Complaint.

27. Defendants have failed to comply with any of their post-termination obligations under the Franchise Agreement.

28. Upon information and belief, Defendants are attempting to sell their business, and may be attempting to sell the business as a SMOOTHIE KING® business, without license to do so.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT

29. Plaintiff hereby incorporates by reference paragraphs 1 through 28 above.

30. Smoothie King was granted registration of its trademarks by the United States Commissioner of Patent and Trademarks.

31. Since registering its Marks, Smoothie King has extensively advertised these trademarks and trade names in connection with its franchised business. The Marks are highly recognizable to the public and associated with Smoothie King by the public.

32. Defendants' rights to use the Smoothie King name and Marks terminated no later than December 19, 2002.

33. Despite termination of the Franchise Agreement, Defendants continue to use Smoothie King's trademarks and trade names in connection with their independent business.

34. Defendants' continued use of Smoothie King's trademarks and trade names after termination of the Franchise Agreement constitutes willful and intentional infringement of Smoothie King's trademarks and trade names in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. As a result of Defendants' infringement, Smoothie King has been damaged in an amount measured by the revenues realized by Defendants from the sale of products using Smoothie King's trademarks and trade names after termination of the Franchise Agreement, and by the deprivation of the benefit and goodwill attached to Smoothie King's trademarks and trade names.

36.     Pursuant to § 35(a) of the Lanham Act, 15 U.S.C. §§ 1116 and 1117(a), Smoothie King is entitled to temporary and permanent injunctive relief and damages in the amount of Defendants' revenues, plus Smoothie King's costs, expenses and attorneys' fees incurred.

37.     Because Defendants' infringement of Smoothie King's trademarks and trade names is willful and intentional, Smoothie King is also entitled to treble damages pursuant to 15 U.S.C. § 1117(b).

38.     The revenue realized by Defendants as a result of their infringing activities is unknown to Smoothie King. Smoothie King therefore demands that Defendants provide an accounting of their sales and revenues realized from the sale of services after expiration of the Franchise Agreement for the purpose of ascertaining damages herein.

39.     Unless injunctive relief is granted, Defendants will continue to infringe upon Smoothie King's trademarks and trade names and will cause further irreparable injury to Smoothie King from the deprivation of the benefit and goodwill attached to its trademarks and trade names and from the loss of revenue.

## COUNT II
## UNFAIR COMPETITION

40.     Plaintiff hereby incorporates by reference paragraphs 1 through 39 above.

41.     Smoothie King has acquired and established a reputation, demand and goodwill for its products and services under the name "Smoothie King", which name has special significance in the eyes of the public and represents the highest standards of products and service.

42. Smoothie King has the exclusive right to use the trademarks and trade names associated with "Smoothie King" and to the goods, products, services and businesses associated with those trademarks and trade names.

43. Defendants have infringed upon the rights of Smoothie King and Smoothie King's trademarks and trade names by using Smoothie King's Marks in connection with Defendants' business and by continuing to use Smoothie King's Marks after termination of Defendants' Franchise Agreement and without authority.

44. Due to Defendants' conduct, customers were and are likely to be confused and induced into purchasing products from Defendants with the belief that those products were or are likely to be authorized by Smoothie King.

45. Customers were and are likely to be confused as to the source and sponsorship of the products and services sold by Defendants after termination of their Franchise Agreement while they continue to hold themselves out as a SMOOTHIE KING® franchisee.

46. Defendants' actions constitute federal unfair competition in violation of 15 U.S.C. § 1125(a).

47. As a direct result of Defendants' actions, Smoothie King has been damaged.

48. Smoothie King is entitled to preliminary and permanent injunctions enjoining Defendants from any future use of Smoothie King's Marks and any other terms associated with Smoothie King in connection with their activities in Little Rock and elsewhere.

49. Smoothie King is entitled to an accounting of Defendants' earnings and revenues for the time period in which Defendants have used Smoothie King's Marks without

authorization. Smoothie King is also entitled to recover damages equal to three times Defendants' earnings and profits during the infringement of its Marks.

## COUNT III
## MISAPPROPRIATION OF GOODWILL

50. Plaintiff hereby incorporates by reference paragraphs 1 through 49 above.

51. Defendants' unauthorized use of Smoothie King's trademarks and trade names, as set forth above, constitutes unfair competition and misappropriation of Smoothie King's valuable goodwill, reputation and business property.

52. As a direct result of Defendants' actions, as set forth above, Smoothie King has been damaged.

53. Smoothie King is entitled to preliminary and permanent injunctions against Defendants for their use of Smoothie King's trademarks and trade names and to an accounting of Defendants' earnings and revenues for their unauthorized misappropriation of Smoothie King's valuable goodwill for the time period after termination of the Franchise Agreement.

## COUNT IV
## BREACH OF POST-TERMINATION COVENANT NOT TO COMPETE
## INJUNCTIVE RELIEF

54. Plaintiff hereby incorporates by reference Paragraphs 1 through 53 above.

55. The Franchise Agreement has terminated and the post-termination obligations remain in full force and effect.

56. Despite the clear noncompetition agreement between the parties, Defendants are operating an independent nutrition and nutritional drink business at the exact location of their former SMOOTHIE KING® franchised business.

57. Defendants' actions are in violation of the post-termination covenant not to compete set forth at Article 17.3.2 of the Franchise Agreement.

58. Smoothie King has suffered and will suffer irreparable harm as a result of Defendants' unlawful conduct. Smoothie King has no adequate remedy at law.

59. Smoothie King is entitled to preliminary and permanent injunctions enforcing the post-term covenant not to compete in the Franchise Agreement.

## COUNT V
## BREACH OF CONTRACT – FAILURE TO PAY FEES

60. Plaintiff hereby incorporates Paragraphs 1 through 59 above.

61. Under the Franchise Agreement, Defendants were required to pay certain fees to Smoothie King, including Operating Fees and Advertising Fees. Defendants have failed to pay such fees to Smoothie King.

62. Defendants currently owe at least $34,216.39 in past due fees, not including accrued interest. Smoothie King will prove the exact amount of fees due at trial in this matter.

## COUNT VI
## ATTORNEYS' FEES AND COSTS

63. Plaintiff hereby incorporates Paragraphs 1 through 62 above.

64. Under Article 25.4 of the Franchise Agreement, in the event of legal proceedings to enforce any provision of the Agreement, "the prevailing party in any proceeding shall be entitled to recover its damages, costs and expenses, including reasonable legal and accounting fees, at the the trial level and on appeal, incurred as a result of the default or pursing its remedies at law or under this Agreement."

65.     Should Plaintiff prevail in this lawsuit, it will be entitled to recover all of its costs and expenses in this matter, including all of its reasonable attorneys' fees, in addition to all applicable damages and/or injunctive relief.

## REQUEST FOR RELIEF

WHEREFORE, Smoothie King requests that this Court grant it the following relief:

A.      An order enforcing the terms of the Franchise Agreement by prohibiting Defendants, for a period of two (2) years, from engaging in any other business similar to that which is the subject of the franchise and from competing with or soliciting the customers of Smoothie King or any other franchisees of Smoothie King within a one and one-half (1 ½) mile radius of their former SMOOTHIE KING® franchised business or any other currently operating SMOOTHIE KING® franchised business.

B.      An accounting of Defendants' revenues, earnings and profits from their business for the purposes of determining operating and advertising fees due and owing to Smoothie King and determining damages for Smoothie King's Lanham Act claims;

C.      An award of damages based on the accounting set forth above;

D.      An award of damages in the amount of at least $34,216.39, with the precise amount to be proven at trial, for past due fees;

E.      An award of all of its costs, fees, and expenses incurred in this matter, including its attorneys' fees; and

F.      For such other and further relief as the Court deems just and appropriate.

Dated: November ___4___, 2003.

                          Respectfully submitted,

                          GRAY, PLANT, MOOTY, MOOTY
                          & BENNETT, P.A.
                          Jennifer J. Kehoe, MN Atty No. 268756
                          3400 City Center
                          33 South Sixth Street
                          Minneapolis, MN 55402
                          Telephone: 612/ 343-2800
                          Facsimile: 612/333-0066

                          AND

                          WILLIAMS & ANDERSON PLC
                          111 Center Street, Twenty-Second Floor
                          Little Rock, AR 72201
                          Telephone: 501/ 372-0800
                          Facsimile: 501/ 372-6453

                          By: ___*Kelly S. Terry*___
                                Kelly S. Terry, Ark. Bar No. 94159

                          *Attorneys for Plaintiff Smoothie King Franchises, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the __4th__ day of November, 2003, a copy of the foregoing pleading was served by hand delivery upon the following:

James M. Simpson, Esquire
R. Christopher Lawson, Esquire
Kimberly Dickerson, Esquire
Friday, Eldredge & Clark, LLP
2000 Regions Center
400 W. Capitol Avenue
Little Rock, AR  72201-3493

*Attorneys for Defendants*

                                       *Kelly S. Terry*
                                       Kelly S. Terry

UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

*Exhibits Attached to Original Document in Courts's Case File*