FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 19 2004

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SMOOTHIE KING FRANCHISES, INC.                                    PLAINTIFF

V.                          NO. 4-03-CV-00079 GTE

MICHELLE WILLOUGHBY AND                                           DEFENDANTS
JOEY WILLOUGHBY

### STIPULATION FOR ENTRY OF PERMANENT INJUNCTION BY CONSENT

The parties, through their undersigned counsel of record, hereby stipulate to the entry of the attached Order for Permanent Injunction by Consent. By this Stipulation, the parties request that the Court enter the Consent Injunction forthwith and without any further proceedings.

Dated: ~~March~~ April 19, 2004.

> GRAY, PLANT, MOOTY, MOOTY
> & BENNETT, P.A.
> Kirk W. Reilly, MN Bar. No. 153370
> Jennifer J. Kehoe, MN Bar No. 268756
> 500 IDS Center
> 80 South Eighth Street
> Minneapolis, MN 55402-3796
> Telephone: 612/ 632-3000
> Facsimile: 612/632-4444
>
> AND
>
> WILLIAMS & ANDERSON LLP
> 111 Center Street, Twenty-Second Floor
> Little Rock, AR 72201
> Telephone: 501/ 372-0800
> Facsimile: 501/ 372-6453
>
> By: _Kelly S. Terry_____
> Kelly S. Terry, Ark. Bar No. 94159
>
> *Attorneys for Plaintiff Smoothie King Franchises, Inc.*
>
> AND

EXHIBIT A TO SETTLEMENT AGREEMENT

55

James M. Simpson, Esquire
R. Christopher Lawson, Esquire
Friday, Eldredge & Clark, LLP
2000 Regions Center
400 W. Capitol Avenue
Little Rock, AR 72201-3493

By: _____
James M. Simpson, Ark. Bar No. 77125

*Attorneys for Defendants Michelle Willoughby and Joey Willoughby*

GP:1433294 v1

EXHIBIT A TO SETTLEMENT AGREEMENT

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SMOOTHIE KING FRANCHISES, INC.                              PLAINTIFF

V.                       NO. 4-03-CV-00079 GTE

MICHELLE WILLOUGHBY AND                                     DEFENDANTS
JOEY WILLOUGHBY

## ORDER FOR PERMANENT INJUNCTION

The Court has reviewed the submissions of the parties in this matter, including the parties' Stipulation for Entry of Permanent Injunction by Consent, and is duly advised in the issues. Based upon the foregoing, the Court makes the following:

## FINDINGS OF FACT

1.     Plaintiff Smoothie King Franchises, Inc. ("Smoothie King") is the owner of a unique business system for the sale of nutritional drinks and related nutritional products under the federally registered trademark SMOOTHIE KING® and related Marks.

2.     Smoothie King entered into a Franchise Agreement with Defendants Michelle Willoughby and Joey Willoughby ("Defendants") effective December 4, 1996 ("Franchise Agreement"), under which Defendants would open and operate one SMOOTHIE KING® franchised business at a location to be determined. Pursuant to the Franchise Agreement, Defendants subsequently opened a SMOOTHIE KING® franchised business at 9112 Rodney Parham, Suite 134, Little Rock, Arkansas ("the Store").

3.     Defendants did not pay all fees contended by Smoothie King to be owed to Smoothie King) under the requirements of the Franchise Agreement, and Smoothie King notified

EXHIBIT A TO SETTLEMENT AGREEMENT

Defendants that they were in default under the Franchise Agreement on a number of different occasions.

4. Smoothie King contends it properly terminated Defendants' rights under the Franchise Agreement effective December 19, 2002.

5. The parties dispute whether the termination of Defendants' rights under the Franchise Agreement was proper, and the parties dispute past due fees owed to Smoothie King by Defendants. This Consent Injunction does not resolve these issues, and the parties are not giving up any rights to claim damages arising before or after the date of this Order.

6. Smoothie King initiated this action to prevent trademark infringement, collect amounts due from Defendants, and to enforce the post-termination obligations contained in the Franchise Agreement. Smoothie King sought preliminary injunctive relief to prevent Defendants from infringing on Smoothie King's trademarks and from violating the post-termination obligations.

7. The parties entered into a Stipulation for Entry of Injunction by Consent on or about March 5, 2003, and this Court issued an Order for Preliminary Injunction by Consent on or about March 6, 2004 ("Preliminary Injunction").

8. In accordance with the terms of the Preliminary Injunction, Defendants have ceased using, displaying, or otherwise availing themselves of any of Smoothie King's names, trademarks, proprietary materials or information, or Smoothie King's proprietary business system. Defendants have also ceased operating the business they formerly operated under the SMOOTHIE KING® name and Marks, and are not operating any other similar or competing business.

EXHIBIT A TO SETTLEMENT AGREEMENT

9. The parties have come to an agreement under which the terms of the Preliminary Injunction shall be made permanent, as set forth below.

## CONCLUSIONS OF LAW

1. Smoothie King contends that Defendants' rights under the Franchise Agreement were properly terminated on or about December 19, 2002 and Defendants have no further rights under that Agreement.

2. If the termination was proper, Defendants' right to use Smoothie King's federally registered trademarks and service marks ended on December 19, 2002 upon the termination of the Franchise Agreements.

3. If the termination was proper, as contended by Smoothie King, the post-termination obligations contained in the Franchise Agreements are reasonable and necessary to protect Smoothie King's legitimate business interests and to prevent consumer confusion.

## ORDER FOR INJUNCTION

**ACCORDINGLY, IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. The Court issues a Permanent Injunction in this matter as follows:

2. Defendants, their agents, representatives and assigns, shall not use, display, sell, offer to sell, or avail themselves in any way of any proprietary names, trademarks, information, products or other property of Smoothie King;

3. Defendants, their agents, representatives and assigns, shall not operate a business similar to or competitive with their former SMOOTHIE KING® franchised business within a one and a half (1 ½) mile radius from their former SMOOTHIE KING® franchised business, for a period of two (2) years from the date of termination.

EXHIBIT A TO SETTLEMENT AGREEMENT

3

**IT IS SO ORDERED.**

Dated: March ___, 2004.

_____<br>
United States District Court Judge

GP:1552745 v1